# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 25, 2024

## JAMES R. TARWATER v. HARDIK PATEL ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 22-8-179   James H. Ripley, Chancellor**

————————————————————

**No. E2024-00043-COA-R3-CV**

————————————————————

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

T. Scott Jones, Knoxville, Tennessee, for the appellant, Hardik Patel.

Michael C. Shults, Sevierville, Tennessee, for the appellee, James R. Tarwater.

Andrew E. Farmer, Sevierville, Tennessee, for the appellee, Raj Patel.

## MEMORANDUM OPINION[1]

The appellant, Hardik Patel ("Appellant"), filed a notice of appeal with this Court in January 2024, which states that Appellant is appealing the December 17, 2023 order of the Sevier County Chancery Court ("the Trial Court").[2]  Upon receiving the appellate

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Although the court order was signed by the trial court judge on December 17, 2023, the order was not filed until December 18, 2023.

record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b).  Based on that review, we determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3.

In the complaint, the appellee requested an award of attorney's fees.  However, the Trial Court's December 18, 2023 order, from which Appellant seeks to appeal, does not address attorney's fees.  The Trial Court's memorandum opinion, which was incorporated by reference into the December 18, 2023 order, states that the defendants are contractually obligated to pay the plaintiff's reasonable attorney's fees and directs the plaintiff's counsel to submit an affidavit to the court.  According to the memorandum opinion, if the parties were able to agree on an amount of attorney's fees, a judgment would be entered incorporating the fee amount agreed upon.  However, if the parties were unable to agree on an amount, the Court would conduct a hearing to determine the reasonable amount of attorney's fees.  The December 18, 2023 judgment does not include an amount of attorney's fees awarded to the plaintiff.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on May 1, 2024, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction.  The Trial Court Clerk informed this Court that there were no additional filings or court dates in the trial court proceedings since December 2023.  Furthermore, Appellant has not supplemented the appellate record with a final order nor has Appellant responded to this Court's show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'"  *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).  This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment.  *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

The Trial Court's December 18, 2023 order found that the defendants were contractually obligated to pay the plaintiff an award of attorney's fees but makes no finding regarding the amount of fees awarded.  As such, the order appealed from is not "a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie.  *See* Tenn. R. App. P. 3(a); *see, e.g.*, *E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207,

1994 WL 589564, at *1 (Tenn. Ct. App. Oct. 21, 1994), *no appl. perm. appeal filed* ("There is nothing in the record before us reflecting that the trial court has awarded a *specific amount* as the 'reasonable attorney's fees incurred in prosecuting' this action. . . . Since there is no order in the record before us *finally* disposing of the Plaintiff's claim for attorney fees at the trial level, the Order from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (emphasis in original) (footnote omitted)).

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Hardik Patel, for which execution may issue.

**PER CURIAM**